IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOLLY ANN E. BEST, | ) | CIVIL NO. 10-00660 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE; ORDER |
| | ) | DENYING AS MOOT ALL MOTIONS |
| vs. | ) | FILED IN THIS CASE |
| | ) | |
| SHERRY LIZAMA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| HOLLY ANN E. BEST, | ) | CIVIL NO. 10-00661 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE; ORDER |
| | ) | DENYING AS MOOT ALL MOTIONS |
| vs. | ) | FILED IN THIS CASE |
| | ) | |
| ANGELIA ANDRADE | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| HOLLY ANN E. BEST, | ) | CIVIL NO. 10-00662 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE; ORDER |
| | ) | DENYING AS MOOT ALL MOTIONS |
| vs. | ) | FILED IN THIS CASE |
| | ) | |
| MELINOA AU, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| HOLLY ANN E. BEST, | ) | CIVIL NO. 10-00663 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE; ORDER |
| | ) | DENYING AS MOOT ALL MOTIONS |
| vs. | ) | FILED IN THIS CASE |
| | ) | |
| DR. SCOTT R. BOREN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

```
HOLLY ANN E. BEST,              )    CIVIL NO. 10-00664 SOM/KSC
                                )
        Plaintiff,              )    ORDER DISMISSING CASE; ORDER
                                )    DENYING AS MOOT ALL MOTIONS
     vs.                        )    FILED IN THIS CASE
                                )
MARY HEW, Kaiser Neighbor       )
Islands Clinics Coordinator,    )
                                )
        Defendant.              )
_____ )

HOLLY ANN E. BEST,              )    CIVIL NO. 10-00665 SOM/KSC
                                )
        Plaintiff,              )    ORDER DISMISSING CASE; ORDER
                                )    DENYING AS MOOT ALL MOTIONS
     vs.                        )    FILED IN THIS CASE
                                )
STEVEN WEST,                    )
                                )
        Defendant.              )
_____ )

HOLLY ANN E. BEST,              )    CIVIL NO. 10-00666 SOM/KSC
                                )
        Plaintiff,              )    ORDER DISMISSING CASE; ORDER
                                )    DENYING AS MOOT ALL MOTIONS
     vs.                        )    FILED IN THIS CASE
                                )
JEFFREY WRIGHT,                 )
                                )
        Defendant.              )
_____ )

HOLLY ANN E. BEST,              )    CIVIL NO. 10-00667 SOM/KSC
                                )
        Plaintiff,              )    ORDER DISMISSING CASE; ORDER
                                )    DENYING AS MOOT ALL MOTIONS
     vs.                        )    FILED IN THIS CASE
                                )
RITCHIE OKAMURA,                )
                                )
        Defendant.              )
_____ )
```

```
HOLLY ANN E. BEST,              )   CIVIL NO. 10-00668 SOM/KSC
                                )
        Plaintiff,              )   ORDER DENYING APPLICATION TO
                                )   PROCEED WITHOUT PREPAYING
    vs.                         )   FEES OR COSTS; ORDER DENYING
                                )   REQUEST FOR APPOINTMENT OF
KAISER PERMANENTE HEALTH PLAN   )   COUNSEL
INC.; KAISER MOANALUA           )
HOSPITAL,                       )
                                )
        Defendants.             )
_____ )
```

I.      INTRODUCTION.

On November 12, 2010, Plaintiff Holly Ann E. Best filed nine separate cases. Because she did not submit the appropriate filing fee for any of these cases, the court issued deficiency orders in all of them, ordering Best to pay the appropriate filing fees or submit applications to proceed in forma pauperis--without prepayment of fees and costs.

On December 10, 2010, the court received Applications to Proceed without Prepaying Fees or Costs and Motions for Appointment of Counsel in each of the nine employment discrimination cases. Pursuant to 28 U.S.C. § 1915, the court has reviewed each of the nine employment discrimination cases, determining that only one of them states potentially viable employment discrimination claims--the case against Kaiser Permanente et al. (Civ. No. 10-668 SOM/KSC), Best's actual employer. The court denies the Applications to Proceed without Prepaying Fees or Costs and Motions for Appointment of Counsel in that case because Best has failed to demonstrate that she qualifies for the relief she seeks.

3

The court dismisses without prejudice the Complaints against Sherry Lizama (Civ. No. 10-660 SOM/KSC), Angelia Andrade (Civ. No. 10-661 SOM/KSC), Melinoa Au (Civ. No. 10-662 SOM/KSC), Dr. Scott Boren (Civ. No. 10-663 SOM/KSC), Mary Hew (Civ. No. 10-664 SOM/KSC), Steven West (Civ. No. 10-665 SOM/KSC), Jeffrey Wright (Civ. No. 10-666 SOM/KSC), and Ritchie Okamura (Civ. No. 10-667 SOM/KSC).  All pending motions in those cases are denied as moot.

II.     ANALYSIS.

Any court of the United States may authorize the commencement of a suit, without payment of fees or security therefor, by a person who submits an affidavit demonstrating he or she is unable to pay such costs or give such security. 28 U.S.C. § 1915(a).  This court must deny leave to proceed in forma pauperis at the outset and instead dismiss complaints when it appears from the facts alleged that the action is frivolous, that the action fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see also Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

In each of Best's complaints, she claims to have suffered employment discrimination, but fails to identify the statutes on which she bases her claims.  The court gleans from

the complaints that Best is attempting to state claims under Title VII, 42 U.S.C. § 2000e-2, and under section 378-2(1) of the Hawaii Revised Statutes.

> In relevant part, Title VII provides:
>
> It shall be an unlawful employment practice for an employer--
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.  Section 378-2(1) similarly prohibits employment discrimination based on race, sex, sexual orientation, age, religion, color, ancestry, disability, marital status, or arrest and court record.  However, neither Title VII nor chapter 378-2(1) provides for the liability of individuals who are not themselves employers, even if the individuals were involved in alleged employment discrimination.  See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993 (no individual liability under Title VII)); Lum v. Kauai County Council, 2007 WL 3408003 (D. Haw. May 18, 2007) (no individual liability under section 378-2), aff'd 358 Fed. Appx. 860, 862 (9th Cir. 2009). Individual liability is a possibility under section 378-2(3), but such claims are not alleged by Best in any of her complaints.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, to state a claim for employment discrimination under

5

Title VII or any other statute, Best was required to submit "a short and plain statement of the claim showing that the pleader is entitled to relief."  That is, Best's complaints' "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

    A. Best v. Lizama, Civ. No. 10-660 SOM/KSC, is Dismissed.

In Best v. Lizama, Civ. No. 10-660 SOM/KSC, Best alleges that Lizama tried to get information from Best, pretending to be her friend.  This meager allegation does not state a claim for employment discrimination.  Moreover, even if it could possibly form the basis of an employment discrimination claim, Lizama would have no individual liability with respect to such discrimination, as there is no individual liability under Title VII or section 378-2(1).  Accordingly, the court dismisses the employment discrimination complaint against Lizama, giving Best leave to file an amended complaint that states some viable claim against Lizima.

Because the complaint against Lizima is dismissed, the court denies as moot all pending motions in the case.

  B. <u>Best v. Andrade</u>, Civ. No. 10-661 SOM/KSC, is Dismissed.

In <u>Best v. Andrade</u>, Civ. No. 10-661 SOM/KSC, Best claims to have suffered employment discrimination, but fails to allege facts demonstrating such a claim. Best alleges that Defendant Angelia Andrade and Steven West, a union representative, called a meeting in April 2008 during which they sought to have radiology technicians work at the Lahaina office. Best says that Andrade then forced Best to work Saturdays and Sundays at that office. These allegations, by themselves, fail to satisfy the minimal pleading requirements discussed above, as they fail to allege facts that could possibly form the basis of an employment discrimination claim. Andrade also has no individual liability with respect to the alleged employment discrimination. Accordingly, the court dismisses the complaint against Andrade, giving Best leave to file an amended complaint that states a viable claim against Andrade.

Because the complaint against Andrade is dismissed, the court denies as moot all pending motions in the case.

  C. <u>Best v. Au, Civ. No. 10-662 SOM/KSC, is Dismissed.</u>

In <u>Best v. Au</u>, Civ. No. 10-662 SOM/KSC, Best claims to have suffered employment discrimination when Defendant Melinoa Au, some sort of doctor, failed to include in Best's medical

records that Best had told Au that Best had been assaulted by a coworker.  Best also complains that Au had Best take a drug test because Best had lost a lot of weight quickly.  These allegations fail to satisfy the minimal pleading requirements, as the facts alleged do not demonstrate any employment discrimination claim.  Even if an employment discrimination claim could be maintained on these allegations, Au would have no individual liability with respect to such claims.  Accordingly, the court dismisses the complaint against Au, giving Best leave to file an amended complaint that states a viable claim against Au.

Because the complaint against Au is dismissed, the court denies as moot all pending motions in the case.

        D.    <u>Best v. Boren</u>, Civ. No. 10-663 SOM/KSC, is <u>Dismissed.</u>

In <u>Best v. Boren</u>, Civ. No. 10-663 SOM/KSC, Best brought an employment discrimination complaint, asserting that Defendant Scott Boren sexually harassed Best for 12 years by making sexually suggestive comments to Best and ultimately assaulted her on March 30, 2008.  Although the assertions in this Complaint sufficiently allege sexual harassment/employment discrimination, the claims against Boren fail because, as described above, there is no individual liability under either Title VII or section 378-2(1) of the Hawaii Revised Statutes.  It may well be that Best has a state-law assault claim against Boren, but such a claim is not asserted in the employment discrimination complaint against

8

Boren. Accordingly, the court dismisses the complaint against Boren, giving Best leave to file an amended complaint that states a viable claim against Boren.

Because the complaint against Boren is dismissed, the court denies as moot all pending motions in the case.

    E.    <u>Best v. Hew</u>, Civ. No. 10-664 SOM/KSC, is <u>Dismissed.</u>

In <u>Best v. Hew</u>, Civ. No. 10-664 SOM/KSC, Best asserts that Defendant Mary Hew, the coordinator of the Kaiser Neighbor Island Clinics, "blew [her] off" by allowing one of Best's coworkers to abuse Best on a daily basis. This allegation, by itself, is insufficient to state a viable employment discrimination claim against Hew, as it describes neither a tangible employment action nor a sufficiently hostile work environment. Moreover, Hew cannot be held individually liable under either Title VII or section 378-2(1) of the Hawaii Revised Statutes. Accordingly, the court dismisses the complaint against Hew, giving Best leave to file an amended complaint that states a viable claim against Hew.

Because the complaint against Hew is dismissed, the court denies as moot all pending motions in the case.

    F.    <u>Best v. West</u>, Civ. No. 10-665 SOM/KSC, is <u>Dismissed.</u>

In <u>Best v. West</u>, Civ. No. 10-665 SOM/KSC, Best asserts that Defendant Steven West, a union representative, failed to

"stick up for" Best, telling Best that her assault report was unsubstantiated.  These allegations fail to state a potential employment discrimination claim.  Moreover, West cannot be held individually liable with respect to such so-called employment discrimination.  Accordingly, the court dismisses the complaint against West, giving Best leave to file an amended complaint that states a viable claim against West.  It may well be that Best can assert a viable duty of fair representation claim against her union based on these facts, but such a claim is not asserted in the complaint.  This court is not saying that such a claim against the union could even proceed, as it may be barred by other principles, such as a statute of limitations.

Because the complaint against West is dismissed, the court denies as moot all pending motions in the case.

> G.   Best v. Wright, Civ. No. 10-666 SOM/KSC, is Dismissed.

The allegations in Best v. Wright, Civ. No. 10-666 SOM/KSC, are more difficult to follow than allegations in Best's other cases.  They appear to be stream of consciousness that borders on incoherency.  The court gleans from the complaint in the case that Defendant Jeffrey Wright treated Best less favorably than other workers by allegedly banning Best's then-husband from certain areas of the medical clinic, saying it was to protect patients' confidentiality, while allowing other workers' family members to be in the same areas.  Best also

alleges that Wright forced her to do overtime and did not allow her to see her therapist.  Reading the complaint very liberally, the court views Best as alleging that Wright took these actions because of Best's race, color, and sex.  Although these claims might allege viable employment discrimination claims against Best's employer, the claims are not viable as to Wright.  The court dismisses the complaint because Wright has no individual liability with respect to such claims.  The court gives Best leave to file an amended complaint that states a viable claim against Wright.

Because the complaint against Wright is dismissed, the court denies as moot all pending motions in the case.

> H.   Best v. Okamura, Civ. No. 10-667 SOM/KSC, is Dismissed.

In Best v. Okamura, Civ. No. 10-667 SOM/KSC, Best sues Defendant Ritchie Okamura for employment discrimination, but fails to allege a single fact about Okamura.  The court therefore dismisses the complaint against Okamura for failure to state a claim against him and because he would have no individual liability with respect to employment discrimination claims had they been asserted.  The court gives Best leave to file an amended complaint that states a viable claim against Okamura.

Because the complaint against Okamura is dismissed, the court denies as moot all pending motions in the case.

11

I.  Best v. Kaiser Permanente Health Plan, Inc., et al., Civ. No. 10-668 SOM/KSC, May Proceed, But Best's Requests to Proceed In Forma Pauperis and for Appointment of Counsel Are Denied.

In Best v. Kaiser Permanente Health Plan, Inc., et al., Civ. No. 10-668 SOM/KSC, Best sues her former employer for sex discrimination. Best alleges that she suffered sexual harassment for twelve years. She alleges that Dr. Scott Boren said sexual things to her and attempted to have an extra-marital affair with her. Best alleges that Boren assaulted her. These allegations are sufficient to permit Best to proceed with her sex discrimination claim against Kaiser.

Best moves to proceed in forma pauperis--without prepayment of fees or costs. The court denies that request. To proceed in forma pauperis, Best must establish that she is indeed a pauper. Best has failed to make that showing. Best indicates that she has one dependent and receives $1,849.00 per month, or $22,188 per year. This amount is well in excess of the 2010 federal poverty guideline for Hawaii of $16,760 for an individual with one dependent. See 75 FR 45628-02 (Aug. 3, 2010). Although Best has various debts and expenses, it appears that she is not a pauper and is able to pay the cost of this proceeding or give security therefor. Accordingly, the court denies her request to proceed without prepayment of fees and costs.

Best also seeks court-appointed counsel. That request is denied. There is no constitutional right to the appointment

of counsel in employment discrimination cases.  See Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982) (citing Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972)). Instead, this court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel to represent an indigent civil litigant.  See 28 U.S.C. § 1915(e)(1).

In considering Best's request for appointment of counsel, the court considers: (1) her financial resources; (2) her efforts to secure counsel; and (3) the meritoriousness of her claims.  See Johnson v. U.S. Treasury Dept., 27 F.3d 415, 416-17 (9th Cir. 1994); Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981).  The financial information provided by Best indicates that she has sufficient resources to retain private counsel in this action.  Best therefore fails to satisfy the first factor this court considers in appointing counsel in employment discrimination cases.  Best also fails to satisfy the second factor, as she indicates that she has contacted only eight attorneys in an effort to secure counsel.  While Best has demonstrated some difficulty in retaining counsel, the court encourages her to make further efforts to secure counsel.  Although the court is unable to comment on the meritoriousness of Best's claims based only on the facts alleged in the complaint, the court denies the request for

appointment of counsel based on the court's determination that Best has failed to meet the first two factors.

III.     CONCLUSION.

Pursuant to 28 U.S.C. § 1915, the court has reviewed each of Best's nine employment discrimination cases, determining that only the one against Kaiser (Civ. No. 10-668 SOM/KSC), Best's actual employer, states a potentially viable employment discrimination claim.  The court dismisses without prejudice the complaints against Sherry Lizama (Civ. No. 10-660 SOM/KSC), Angelia Andrade (Civ. No. 10-661 SOM/KSC), Melinoa Au (Civ. No. 10-662 SOM/KSC), Dr. Scott Boren (Civ. No. 10-663 SOM/KSC), Mary Hew (Civ. No. 10-664 SOM/KSC), Steven West (Civ. No. 10-665 SOM/KSC), Jeffrey Wright (Civ. No. 10-666 SOM/KSC), and Ritchie Okamura (Civ. No. 10-667 SOM/KSC).  All pending motions in those cases are denied as moot.  The court gives Best leave to file amended complaints in each of those eight cases.  Any such amended complaints must be filed no later than January 28, 2011. If amended complaints are not filed by that date, the cases without amended complaints will automatically be closed. Concurrent with the filing of any amended complaint in any of the eight cases, Best must pay the appropriate filing fee or submit amended requests to proceed in forma pauperis.

With respect to the case against Kaiser (Civ. No. 10-668 SOM/KSC), the court denies Best's requests to proceed in

forma pauperis and for appointment of counsel.  No later than January 28, 2011, Best must pay the appropriate filing fee or submit an amended request to proceed in forma pauperis.  If Best fails to do so, this action will automatically be dismissed without further order of this court.

     The court notes that the current filing fee for this court is $350 per case.  This means that, if Best chooses to file amended complaints and proceed on each of the nine cases she would have to pay a total of nine filing fees, or $3,150, if she is not granted in forma pauperis status.  However, if Best chooses instead to consolidate her claims into one case by amending the complaint in Civil Number 10-00668 SOM/KSC pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, Best would only have to pay a single filing fee, or $350, if she is not granted in forma pauperis status, to have her claims adjudicated in this court.  Consolidation of Best's claims into one complaint could potentially help Best avoid paying multiple appellate filing fees of $455 per case.  There are, of course, potential disadvantages to having only one case, rather than nine, and Best should consider these disadvantages in deciding how she wishes to proceed.  For example, it may be that a statute of limitations affects the viability of a claim that Best seeks to add in Civil No. 10-00668 SOM/KSC, but might not bar an amended claim in an existing action.

If Best chooses to file any amended complaint, she should state in numbered paragraphs and simple language what a particular defendant allegedly did and what statute, law, or duty was breached.  If a claim was dismissed in this order, Best should consider whether it would be appropriate to reassert the identical claim in any amended complaint.

        IT IS SO ORDERED

        DATED:  Honolulu, Hawaii, December 29, 2010.



        /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge